IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARCHIE CRANFORD,

    Plaintiff,                                      CV F 07 1812 LJO WMW PC

    vs.                                              ORDER GRANTING LEAVE TO
                                                        FILE AN AMENDED COMPLAINT

                                                        (THIRTY DAY DEADLINE)

CHRISTINE NICKELS,

    Defendant.

       Plaintiff is a civil detainee proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       This action proceeds on the complaint. Plaintiff, a resident housed at the Coalinga State Hospital, brings this civil rights action against defendant Christina Nickels, a Licensed Vocational Nurse at Coalinga State Hospital.

       Plaintiff's sole claims in this complaint is that Defendant Nickels refused to give Plaintiff his medication on the ground that Plaintiff is White. Defendant is Mexican.

       As to any claim regarding medical care, under the Eighth Amendment, the government has an obligation to provide medical care to those who are incarcerated. See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). "In order to violate the Eighth Amendment proscription against

cruel and unusual punishment, there must be a 'deliberate indifference to serious medical needs of prisoners.'" Id. (quoting Estelle v. Gamble, 429 U.S. 97. 104 (1976)). Lopez takes a two-prong approach to evaluating whether medical care, or lack thereof, rises to the level of "deliberate indifference." First, a court must examine whether the plaintiff's medical needs were serious. See Id. Second, a court must determine whether "officials intentionally interfered with [the plaintiff's] medical treatment." Id. at 1132.

Here, Plaintiff has not alleged facts indicating that Defendant's conduct caused him serious injury. An allegation that Plaintiff did not receive his medication does not, of itself, constitute deliberate indifference.

As to Plaintiff's discrimination claim, the court finds that Plaintiff has stated a claim for relief. Because Plaintiff has failed to state a claim as to his medical claim, the court will grant Plaintiff leave to file an amended complaint. Should Plaintiff fail to file an amended complaint, the court will direct service of process upon Defendant on Plaintiff's equql protection claim, and recommend dismissal of the medical claim.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375

F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."

IT IS SO ORDERED.

**Dated:   July 14, 2008**          /s/  William M. Wunderlich
                                    UNITED STATES MAGISTRATE JUDGE