# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

ARCHIE CRANFORD,

          Plaintiff,

   v.

CHRISTINA NICKELS,

          Defendants.

_____ /

CASE NO. 1:07-cv-01812-LJO-YNP PC

ORDER REQUIRING PLAINTIFF EITHER TO FILE AMENDED COMPLAINT OR TO NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE

(Doc. 8)

RESPONSE DUE IN 30 DAYS

Plaintiff Archie Cranford ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff currently resides at Coalinga State Hospital in Coalinga, California.[1] Plaintiff is suing under section 1983 for the violation of his rights under the Eighth and Fourteenth Amendment. Plaintiff also alleges a violation of section 504 of the Rehabilitation Act. Plaintiff names Christina Nickels as defendant. For the reasons set forth below, Plaintiff is ordered to notify the Court of his willingness to proceed only on the claims found cognizable in this order, or to file an amended complaint that cures the deficiencies in his non-cognizable claims.

## I.    Screening Requirement

Plaintiff is proceeding in this action in forma pauperis–without prepayment of fees. Pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the Complaint for sufficiency to state a claim. The Court must dismiss a complaint or portion thereof if it determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or

[1] Plaintiff does not specifically allege his incarceration status. He is presumably a civil detainee, as he appears to be committed as a sexually violent predator.

1

1   seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

2   If the court determines that the Complaint fails to state a claim, leave to amend may be granted to

3   the extent that the deficiencies of the complaint can be cured by amendment.

4        In determining whether a complaint fails to state a claim, the Court uses the same pleading

5   standard used under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must

6   contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.

7   R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual

8   allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

9   accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v.

10  Twombly, 550 U.S. 544, 555 (2007)).  "[A] complaint must contain sufficient factual matter,

11  accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550

12  U.S. at 570).  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's

13  liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id.

14  (quoting Twombly, 550 U.S. at 557).  Further, although a court must accept as true all factual

15  allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.

16  Id.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

17  statements, do not suffice."  Id. (quoting Twombly, 550 U.S. at 555).

18  **II.   Background**

19       Plaintiff alleges that Defendant Chrstina Nickels denied Plaintiff's request for heart

20  medication and Plaintiff was soon after hospitalized for a severe heart attack.  On November 23,

21  2007, Plaintiff approached the medication window to receive his prescribed heart medication.

22  Plaintiff informed Nickels that he was experiencing massive chest pains and needed his medication.

23  Nickels responded by stating that Plaintiff was white and only Mexicans could receive medication.

24  Nickels also stated that "all s.v.p[.][2] white men could die and I would care less." (Compl. 5.)  Later

25  that night, Plaintiff's chest pain increased and he passed out.  Plaintiff was later revived in the urgent

26

27

28      [2]Sexually Violent Predator

2

care room.  After a doctor read Plaintiff's EKG[3], the doctor ordered Plaintiff to be taken to "twin citys hospital" because Plaintiff had suffered a severe heart attack.  (Compl. 5.)  After a number of tests were done, Plaintiff was told that he had an obstruction in his main artery and needed a stent. Plaintiff alleges that the damage was the result of being denied his medication.

### III.   Discussion

#### A.   Eighth/Fourteenth Amendment Claim - Denial of Medical Treatment

Plaintiff claims that Defendant Nickels violated his Eighth and Fourteenth Amendment rights by refusing to give him his heart medication.  Plaintiff has not provided any allegations in his complaint that explain his incarceration status.  It is unclear if Plaintiff is a convicted criminal held at Coalinga State Hospital for punitive reasons or if Plaintiff is involuntarily committed as a civil detainee due to his status as a sexually violent predator.  The distinction is relevant because the Eighth Amendment does not apply to civil detainees because they are not committed for punitive reasons.  However, the distinction is one of semantics.  Plaintiff has alleged facts that demonstrate Nickels' conduct constituted cruel and unusual punishment, which would be a violation of the Eighth Amendment if Plaintiff is an incarcerated prisoner.  If Plaintiff is not an incarcerated prisoner, Nickels' conduct would be a Fourteenth Amendment violation because conduct that amounts to cruel and unusual punishment is a deprivation of a substantive liberty interest if applied to a civil detainee. Youngberg v. Romeo, 457 U.S. 307, 315 (1982).

The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)).  A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious", Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991), and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind", Id. (quoting Wilson, 501 U.S. at 298).  The objective requirement that the deprivation be "sufficiently serious" is met

---

[3]Electrocardiogram

3

where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities". Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he/she "knows of and disregards an excessive risk to inmate health or safety". Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

"[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle, 429 U.S. at 105. In order to state an Eighth Amendment claim based on deficient medical treatment, a plaintiff must show: (1) a serious medical need; and (2) a deliberately indifferent response by the defendant. Conn v. City of Reno, 572 F.3d 1047, 1055 (9th Cir. 2009) (quoting Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). A serious medical need is shown by alleging that the failure to treat the plaintiff's condition could result in further significant injury, or the unnecessary and wanton infliction of pain. Id. A deliberately indifferent response by the defendant is shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. Id. In order to constitute deliberate indifference, there must be an objective risk of harm and the defendant must have subjective awareness of that harm. Id.

Plaintiff has alleged that Nickels was aware of Plaintiff's need for his heart medication. The medication was prescribed to Plaintiff and on this particular day Plaintiff informed Nickels that he especially needed his medication because he was suffering from massive chest pains. Instead of providing Plaintiff with his heart medication, Nickels allegedly refused to give Plaintiff his medication because he was white. As a result, Plaintiff suffered from a heart attack later that night. Plaintiff has sufficiently alleged that Nickels was deliberately indifferent toward Plaintiff's serious need for medication. Plaintiff states a cognizable claim against Defendant Nickels for violation of the Eighth/Fourteenth Amendment.

**B.    Fourteenth Amendment Claim - Equal Protection**

1   Plaintiff also a cognizable claim against Defendant Nickels for violation of his rights under

2   the Equal Protection Clause of the Fourteenth Amendment.  The Equal Protection Clause requires

3   that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center,

4   Inc., 473 U.S. 432, 439 (1985). A plaintiff may establish an equal protection claim by showing that

5   the plaintiff was intentionally discriminated against on the basis of the plaintiff's membership in a

6   protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001). Under this

7   theory of equal protection, the plaintiff must show that the defendants' actions were a result of the

8   plaintiff's membership in a suspect class, such as race. Thornton v. City of St. Helens, 425 F.3d

9   1158, 1167 (9th Cir.2005).

10   Plaintiff alleges that Defendant Nickels refused to provide Plaintiff with his prescribed heart

11   medication because of his race.  Plaintiff states a cognizable claim for violation of his rights under

12   the Equal Protection Clause of the Fourteenth Amendment.

13   **C.   Rehabilitation Act Claims**

14   Plaintiff alleges that Defendant Nickels' actions violated section 504 of the Rehabilitation

15   Act.  Section 504 of the Rehabilitation Act (RA) "prohibit[s] discrimination on the basis of

16   disability."  Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).  Section 504 of the RA

17   provides that "no otherwise qualified individual with a disability . . . shall, solely by reason of her

18   or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to

19   discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C.

20   § 794.

21   Assuming Plaintiff's heart condition constitutes a "disability" as defined under the

22   Rehabilitation Act, Plaintiff's allegations demonstrate that he was discriminated against on the basis

23   of his race, not his disability.  Therefore, Plaintiff has failed to state a cognizable claim for violation

24   of section 504 of the Rehabilitation Act.

25   **D.   Claims for Injunctive Relief**

26   Plaintiff seeks both damages and a permanent injunction.  Plaintiff requests the Court to

27   revoke Defendant Nickels' license and to have her walked out of the hospital in hand cuffs. "[A]n

28   injunction is an equitable remedy."  Weinberger v. Romero-Barcelo, 456 U.S. 305, 311 (1982).

1   "[T]he basis for injunctive relief in the federal courts has always been irreparable injury and the

2   inadequacy of legal remedies."   Id. at 312.   Plaintiff has not demonstrated how he would suffer

3   irreparable injury that can only be avoided if Nickels' license is revoked and she is removed from

4   the hospital in hand cuffs.   Nor has Plaintiff demonstrated how damages are inadequate as

5   compensation for his injuries.   As such, Plaintiff is not entitled to injunctive relief and this action

6   should proceed as one for damages-only.   Plaintiff's claims for equitable relief are dismissed.

7   **IV.    Conclusion and Order**

8           Plaintiff's complaint states cognizable claims against Defendant Nickels for violation of the

9   Eighth/Fourteenth Amendments.   Plaintiff's complaint fails to state any other claims.   The Court will

10  provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified

11  by the Court in this order.   Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).   Plaintiff may

12  not change the nature of this suit by adding new, unrelated claims in his amended complaint.   George

13  v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

14          If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only

15  on the claims identified in this order as cognizable, Plaintiff may so notify the Court in writing, and

16  the Court will issue a recommendation for dismissal of the other claims, and will forward Plaintiff

17  one (1) summonses and one (1) USM-285 forms for completion and return.   Upon receipt of the

18  forms, the Court will direct the United States Marshal to initiate service of process.

19          If Plaintiff opts to amend, his amended complaint should be brief.   Fed. R. Civ. P. 8(a).

20  Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's

21  constitutional or other federal rights: "The inquiry into causation must be individualized and focus

22  on the duties and responsibilities of each individual defendant whose acts or omissions are alleged

23  to have caused a constitutional deprivation."   Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).

24  With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P.

25  10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a).   In other

26  words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's

27  complaint because at this stage Plaintiff's factual allegations will be accepted as true.

28          Although Plaintiff's factual allegations will be accepted as true and that "the pleading

6

standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  The amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.  In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Based on the foregoing, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.     Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

    a.     File an amended complaint curing the deficiencies identified by the Court in this order, or

    b.     Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendant Nickels for use of excessive force in violation of the Eighth/Fourteenth Amendment and violation of the Equal Protection Clause of the Fourteenth Amendment; and

3.     If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:    October 8, 2009**                      **/s/ Sandra M. Snyder**
                                                    UNITED STATES MAGISTRATE JUDGE