# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD, | CASE NO. 1:07-cv-01812-LJO-SKO PC |
| Plaintiff, | FINDING AND RECOMMENDATION THAT PLAINTIFF PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE |
| v. | |
| CHRISTINA NICKELS, | (Doc. 12) |
| Defendant. | OBJECTIONS DUE WITHIN 30 DAYS |

Plaintiff Archie Cranford ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff currently resides at Coalinga State Hospital ("CSH") in Coalinga, California. Plaintiff is suing under Section 1983 for the violation of his rights under the Eighth and Fourteenth Amendments. Plaintiff names Christina Nickels as defendant. For the reasons set forth below, it is recommended that Plaintiff proceed only on those claims found to be cognizable.

**I.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

///

1

1  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
2  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).
3   In determining whether a complaint fails to state a claim, the Court uses the same pleading
4  standard used under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must
5  contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.
6  R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual
7  allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me
8  accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v.
9  Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter,
10 accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550
11 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's
12 liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id.
13 (quoting Twombly, 550 U.S. at 557).  Further, although a court must accept as true all factual
14 allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.
15 Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory
16 statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.   Background**

    **A.   Procedural Background**

19 Plaintiff filed the original complaint in this action on December 13, 2007. (Doc. 1.) The
20 court ordered Plaintiff to file an amended complaint on July 15, 2008. (Doc. 6.) Plaintiff filed his
21 First Amended Complaint on July 30, 2008. (Doc. 8.) The court screened Plaintiff's First Amended
22 Complaint on October 9, 2009, and required Plaintiff to notify the court of his willingness to proceed
23 on cognizable claims or to file an amended complaint.  (Doc. 11.)  Plaintiff filed his Second
24 Amended Complaint on October 29, 2009. (Doc. 12.) This action proceeds on Plaintiff's Second
25 Amended Complaint.

    **B.   Factual Background**

27 As a sexually violent predator ("SVP"), Plaintiff has been committed as a civil detainee at
28 CSH. On November 23, 2007, Plaintiff alleges that he was experiencing massive chest pains and

approached Defendant at the medicine window to request his prescribed heart medication. Plaintiff alleges that Defendant stated that "[Plaintiff] was a white patient and only Mexican patients could receve [sic] medications from her." Second Am. Compl. ("SAC") 4.

Plaintiff alleges that Defendant racially discriminated against him, inflicted cruel and unusual punishment upon him, and was deliberately indifferent to his needs in violation of his Eighth and Fourteenth Amendment rights.

### III.  Discussion

####   A.  Eighth Amendment

Plaintiff alleges that Defendant violated his Eighth Amendment rights. However, the Eighth Amendment does not apply to civil detainees because they have not been committed for punitive reasons. Because Plaintiff has not been incarcerated as a prisoner, the Eighth Amendment is not applicable. Defendant's alleged cruel and unusual conduct is more properly analyzed under the Fourteenth Amendment as a deprivation of Plaintiff's substantive liberty interests. Youngberg v. Romeo, 457 U.S. 307, 315 (1982).

####   B.  Fourteenth Amendment

#####     1.  Denial of Medical Treatment

Plaintiff claims that Defendant's denial of medication amounts to cruel and unusual punishment. The Eight Amendment explicitly provides protection against this to prisoners but not to civil detainees. Accordingly, Plaintiff's claim is more appropriately analyzed under the Fourteenth Amendment's substantive due process requirements. See Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996).

At a bare minimum, a civil detainee cannot be subjected to conditions that amount to punishment. Jones v. Blanas, 393 F.3d 918, 932 (9th Cir. 2004) (citing Bell v. Wolfish, 441 U.S. 520, 536-37 (1979)). Punitive conditions may be shown where restrictions (1) are intended to punish, or (2) are excessive in relation to an alternative, non-punitive purpose. Id. at 932 (internal quotations and citations omitted). A SVP civil detainee is entitled to more considerate treatment than his criminally detained counterparts, and when the detainee is confined in conditions

///

1  identical or more restrictive than his counterparts, the courts presume that the detainee is being
2  subjected to punishment. Id. At 932 (internal quotations and citations omitted).

3       The courts have commonly applied Eighth Amendment standards to claims made by SVPs
4  under the Fourteenth Amendment. *See, e.g.*, Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998)
5  (applying Eighth Amendment standards to evaluate pretrial detainees' Fourteenth Amendment
6  claims); Munoz v. Kolender, 208 F.Supp.2d 1125, 1146 (S.D. Cal. 2002) (finding comparable
7  standards between prisoners' Eighth Amendment cruel and unusual punishment and Fourteenth
8  Amendment substantive due process analysis). "If it is cruel and unusual punishment to hold
9  convicted criminals in unsafe conditions, it must be unconstitutional to confine the involuntarily
10 committed-who may not be punished at all-in unsafe conditions." Youngberg v. Romeo, 457 U.S.
11 307, 316 (1982).

12      Under the Eighth Amendment, an official violates the cruel and unusual punishment clause
13 when two requirements are met. First, the alleged deprivation must be, objectively, sufficiently
14 serious. Second, there is a subjective requirement that the official display a sufficiently culpable
15 state of mind. Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citations omitted). Generally, the
16 subjective requirement is present where the prison official acts with deliberate indifference to inmate
17 safety. Id. However, under the Fourteenth Amendment, the confined individual need not prove
18 deliberate indifference on the part of government officials. Jones, 393 F.3d at 934.

19      Plaintiff has a liberty interest in safe conditions of confinement protected substantively by
20 the Due Process Clause. Youngberg, 457 U.S. at 315. Due process requires that civil detainees
21 receive care that is professionally acceptable. Id. at 321. "Liability may be imposed only when the
22 decision by the professional is such a substantial departure from accepted professional judgment,
23 practice, or standards as to demonstrate that the person responsible actually did not base the decision
24 on such a judgment." Id. at 323. Plaintiff has alleged that Defendant refused to provide him with
25 his heart medication despite her knowledge that he was experiencing massive chest pains. Defendant
26 allegedly refused to provide the medication because of Plaintiff's race and disregarded the risk to his
27 health or safety. Defendant's alleged actions are sufficiently serious. Plaintiff has stated a
28 ///

cognizable claim for the violation of his right to substantive due process under the Fourteenth Amendment.

### 2. Equal Protection

The equal protection clause prevents invidious discrimination based on race. Wolff v. McDonnell 418 U.S. 539, 556 (1974). Plaintiff must allege facts to support a finding of discriminatory intent as a result of the plaintiff's membership in a suspect class, such as race. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).

Plaintiff alleges that Defendant refused to give Plaintiff his heart medication because of his race. Allegedly, Defendant would only give medication to "Mexican patients" and not to Plaintiff, who was white. Plaintiff states a cognizable claim for the violation of his rights under the Fourteenth Amendment's equal protection clause.

## IV. Conclusion and Order

Plaintiff's complaint states cognizable claims against Defendant Nickels for the violation of both the substantive due process and equal protection clauses under the Fourteenth Amendment. However, Plaintiff does not state cognizable claims for the violation of his Eighth Amendment rights. Plaintiff was provided with the opportunity to amend and his Second Amended Complaint failed to remedy the deficiencies with his Eighth Amendment claims. The Court finds that the deficiencies with Plaintiff's Eighth Amendment claims are not curable by further amendment of his complaint. Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's Second Amended Complaint, filed on October 29, 2009, against Defendant Nickels for violation of the Fourteenth Amendment; and

2. Plaintiff's Eighth Amendment claim be dismissed for failure to state a claim.

These Findings and Recomendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised

that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   July 28, 2010**                                       /s/ Sheila K. Oberto
                                                                        UNITED STATES MAGISTRATE JUDGE