UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>        Plaintiff,<br><br>   vs.<br><br>CHRISTINA NICKELS,<br><br>        Defendant.<br>_____/ | Case No. 1:07-cv-01812 JLT (PC)<br><br>ORDER STRIKING PLAINTIFF'S MOTION TO COMPEL<br><br>(Doc. 35)<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br><br>(Doc. 36) |

Plaintiff is a civil detainee proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion to compel discovery.

**I.    BACKGROUND**

Plaintiff filed the instant motion to compel on June 9, 2011. (Doc. 35.) Therein, Plaintiff seeks responses to the interrogatories and admissions he filed in 2010. (Id. at 2.) In addition, Plaintiff seeks the production of various documents, including: (1) all patients' rights complaints prior to the filing of this action; (2) all EKGs taken on the afternoon of Plaintiff's heart attack in 2006; and (3) all reports filed by R.N. Charles. (Id.)

Defendant failed to file an opposition or statement of no opposition to the motion to compel in accordance with Local Rule 230(l). Accordingly, on July 13, 2011, the Court issued an order to show cause. (Doc. 36.) In response, Defendant explained that she did not file an opposition to the motion because it was her belief that the motion was filed in error. (Doc. 37 at 2.) Defendant maintained that

1

she had never received any discovery requests from Plaintiff in this case. (Id.) Defendant opined that Plaintiff may have actually intended to file the instant motion in a related case, Cranford v. Salber, No. 08-cv-0063 JLT (PC), in which Plaintiff did propound discovery. (Id.)

On August 4, 2011, Plaintiff filed his own response to the Court's July 13, 2011 order to show cause. (Doc. 40.) Therein, Plaintiff simply requests responses to the following questions: (1) Did Defendant at any time say that only Mexicans could receive aid from her? (2) Did Defendant refuse to provide Plaintiff medication? (3) Did Plaintiff at any time live on unit 2. (See id. at 1.) Plaintiff does not address Defendant's assertion that Plaintiff filed the instant motion in error.

## II. DISCUSSION

Plaintiff has not shown that he actually served the discovery requests that are now the subject of the instant motion to compel. In fact, it appears on its face that such would have been highly unlikely. Plaintiff maintains in his motion that he filed interrogatories and requests for admissions sometime in 2010. (Doc. 35 at 2.) However, discovery did not commence in this case until January 18, 2011. (Doc. 23.) Thus, Plaintiff's motion to compel must be stricken as procedurally improper. See, e.g., Brooks v. Alameida, No. CIV S-03-2343 JAM EFB P, 2009 U.S. Dist. LEXIS 42217, at *3-4 (E.D. Cal. Apr. 30, 2009) (declining to address motion to compel as to certain defendants who had not been properly served the discovery requests in dispute).

## III. CONCLUSION

Accordingly, it is **HEREBY ORDERED** that:

1. Plaintiff's June 9, 2011 motion to compel (Doc. 35) is **STRICKEN**; and
2. The order to show cause issued July 13, 2011 (Doc. 36) is **DISCHARGED**.

IT IS SO ORDERED.

Dated:   **August 15, 2011**                             /s/ Jennifer L. Thurston
                                                         UNITED STATES MAGISTRATE JUDGE